# IN THE SUPREME COURT OF TEXAS

══════════
No. 14-0582
══════════

OFFICE OF THE ATTORNEY GENERAL, PETITIONER,

v.

GINGER WEATHERSPOON, RESPONDENT

═══════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS
═══════════════════════════════════════════════

**PER CURIAM**

This Whistleblower Act case raises a question we recently addressed in *Texas Department of Human Services v. Okoli*: whether reports of alleged violations of law are protected if made to supervisors with power only to oversee internal compliance within an entity, even if the supervisors must forward the complaints to another department with outward-looking authority to regulate under or enforce the law alleged to be violated or investigate or prosecute criminal violations against third parties. *See* 440 S.W.3d 611, 615–16 (Tex. 2014). We held in *Okoli* that the Act does not protect such reports. *Id.* The court of appeals held otherwise (though, to be fair, it did so before we decided *Okoli*). 435 S.W.3d 844, 851 (Tex. App.—Dallas 2014). Accordingly, we reverse the court of appeals' judgment and dismiss the case.

Ginger Weatherspoon was an assistant attorney general in the Child Support Division. She alleges that two senior attorneys in the Office of the Attorney General (OAG) tried to coerce her to

sign a false affidavit regarding her interactions with a judge. She refused, and claimed the attorneys' conduct amounted to subornation of perjury (see 18 U.S.C. section 1622), as well as abuse of official capacity and official oppression (see Texas Penal Code sections 39.02 and 39.03).

OAG policy requires employees to report a potential criminal violation to their division chief, who must then refer it to the OAG's Office of Special Investigations for further action. Employees such as Weatherspoon may not launch their own investigation or, absent exigent circumstances, refer a criminal violation to outside law enforcement. Employees may be disciplined for doing otherwise.

Weatherspoon asserts she adhered to this policy, reporting the wrongful conduct to her managing attorney, the Child Support Director, the Deputy Director of Child Support, and an attorney in the Open Records Department, among others. According to Weatherspoon, the Child Support Director apologized to her on behalf of the Attorney General, promised her there would be an investigation, and instructed her not to discuss the matter. Nonetheless, Weatherspoon alleges she was eventually retaliated against for making the reports, leading to her termination.

After being fired, Weatherspoon sued the OAG under the Whistleblower Act, which under certain circumstances waives a state entity's immunity from suit for retaliatory discharge. Tex. Gov't Code § 554.0035. The OAG filed a plea to the jurisdiction, arguing that Weatherspoon's allegations were not sufficient to invoke the Act and waive immunity. The trial court denied the OAG's plea, and following the OAG's interlocutory appeal, the court of appeals affirmed. 435 S.W.3d at 846–47.

The Whistleblower Act protects "a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law

2

enforcement authority." TEX. GOV'T CODE § 554.002(a). The reported-to authority is an appropriate law-enforcement authority if it is

> a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:
>
> > (1) regulate under or enforce the law alleged to be violated in the report; or
> >
> > (2) investigate or prosecute a violation of criminal law.

*Id.* § 554.002(b).

To be in "good faith," an employee's belief about the reported-to authority's powers must be "reasonable in light of the employee's training and experience." *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 321 (Tex. 2002). An authority's power to discipline its own or investigate internally does not support a good-faith belief that it is an appropriate law-enforcement authority. *Univ. of Tex. Sw. Med. Ctr. v. Gentilello*, 398 S.W.3d 680, 686 (Tex. 2013). Instead, the authority must have outward-looking powers. "[I]t must have authority to enforce, investigate, or prosecute violations of law against third parties outside of the entity itself, or it must have authority to promulgate regulations governing the conduct of such third parties." *Id.*

Similarly, a policy requiring employees to report violations to their supervisors, who must then send the complaints to an appropriate law-enforcement authority, is not enough for a good-faith belief that the supervisors are an appropriate authority. *Okoli*, 440 S.W.3d at 616. "When an employee reports wrongdoing internally with the knowledge that the report will have to be forwarded elsewhere for regulation, enforcement, investigation, or prosecution, then the employee is not reporting '*to* an appropriate law[-]enforcement authority.'" *Id.* at 615 (alteration in original) (quoting

3

TEX. GOV'T CODE § 554.002). Although such a policy permits employees to reasonably believe reports will be *sent* to an appropriate law-enforcement authority, it provides no reason to believe the reported-to supervisors *are* appropriate authorities.

Accordingly, Weatherspoon's reports were insufficient. She has provided no evidence that the reported-to attorneys or their departments had outward-looking enforcement authority. Her division chief's duty to forward complaints to the Office of Special Investigations did not vest the division chief with authority to "regulate under or enforce the law alleged to be violated" or to "investigate or prosecute a violation of criminal law." *See* TEX. GOV'T CODE § 554.002(b). Neither did it make the division chief the equivalent of a "police-intake clerk" for the Office of Special Investigations, given that the division chief works for a separate arm of the OAG. *See Okoli*, 440 S.W.3d at 617. Similarly, the Child Support Director's promise of an investigation gave Weatherspoon no reason to believe the Director had power to investigate crime as crime rather than as a breach of OAG policy.

Weatherspoon urges that if following OAG policy and reporting to her division chief did not invoke the Act's protection, then OAG employees have no safe way to report criminal violations. According to Weatherspoon, should employees directly contact an actual law-enforcement authority, they risk discipline for violating OAG policy. We disagree. The Act prohibits adverse personnel action against "a public employee who in good faith reports a violation of law . . . to an appropriate law enforcement authority." TEX. GOV'T CODE § 554.002(a). An agency may not rely on internal policy to do what the Act prohibits: disciplining an employee for making a protected report.

Finally, Weatherspoon argues the OAG is an appropriate law-enforcement authority because it may handle some criminal-law matters. The Texas Penal Code grants the Attorney General "concurrent jurisdiction with [a] consenting local prosecutor to prosecute an offense" such as official oppression or abuse of official capacity. *See* TEX. PENAL CODE § 39.015. Additionally, the OAG has an Ethics Advisor, and one court of appeals held the Ethics Advisor was an appropriate law-enforcement authority. *Office of Att'y Gen. v. Rodriguez*, 420 S.W.3d 99, 103 (Tex. App.—El Paso 2012, no pet.). Pointing to the OAG's Criminal Investigation Division, *see id.* at 101, its Office of Special Investigations, and its statutory authority to prosecute certain crimes, Weatherspoon asserts the OAG has the requisite outward-looking authority.

These arguments fail because the authority of some OAG divisions to investigate or prosecute crime does not transform the entire OAG into an appropriate law-enforcement authority. As we held in *Okoli*, a policy requiring that reports be forwarded from one division lacking the required authority to another division in the same agency having the required authority does not mean the initial reports were protected. *Okoli*, 440 S.W.3d at 616. An entire agency does not become an appropriate law-enforcement authority merely because some divisions have such power.

Because Weatherspoon cannot show that her reports met the Act's requirements, the OAG remains immune from suit. Without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment, and dismiss the case. *See* TEX. R. APP. P. 59.1.

Opinion Delivered: September 18, 2015